KOFFSKY SCHWALB LLC
Tal S. Benschar (No. 043091996)
500 Seventh Avenue, 8th Floor
New York, New York 10018
(646) 553-1590
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLOBAL MOBILE INC. and MAHD QATTOUS, | CIVIL ACTION |
| PLAINTIFFS, | No. |
| V. | **COMPLAINT** |
| TAY M. KIM and DAESAN INC., | |
| DEFENDANTS. | |

Plaintiffs Global Mobile Inc. and Mahd Qattous, complaining of the defendants, through their undersigned counsel, allege as follows:

**NATURE OF THE CASE**




(Global Mobile Product)




(Defendants' Infringing Product)

1. This case involves blatant piracy of plaintiffs' trademarks, and deception of consumers in interstate commerce. Plaintiffs own the YME QB Trademark for various products, including vape products. Defendants have copied the mark and related packaging, and have passed off their product as that of Plaintiffs.

2. Defendants have also falsely represented to customers and potential customers that Plaintiffs are out of business and that they are the successors to Plaintiffs' business and product line, in an attempt to divert purchase to them.

**JURISDICTION**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 to the extent the complaint raises claims under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. The court also has jurisdiction pursuant to 28 U.S.C. §§ 1367 and 1338(b) to the extent the controversy concerns trademark rights, unfair competition and tortious interference under New Jersey and common law.

4. The Defendants are subject to the personal jurisdiction of this Court, in that they are residents and domiciles of New Jersey, and have offered and sold the infringing product to New Jersey customers.

**THE PARTIES**

5. Plaintiff Global Mobile Inc. is a corporation organized under the laws of the State of New Jersey, having an office and place of business at 18 Colonial Court Totowa, NJ 07512.

6. Plaintiff Mahd Qattous is an individual and principal of Global Mobile, having an office and place of business at 18 Colonial Court Totowa, NJ 07512.

7. Defendant Daesan Inc. is a corporation organized under the laws of the State of New Jersey, having an office and place of business at 100 Sterling Blvd., Englewood, NJ 07631.

8. Defendant Tay M. Kim is an individual and principal of Daesan, having an office and place of business at 100 Sterling Blvd., Englewood, NJ 07631. Mr. Kim is the Chief Office and/or manager of Daesan, who authorized and approved all wrongful acts of Daesan complained of in this Complaint, including the sale of the infringing products, and is thus a conscious, dominant and active forced behind that company's acts of trademark infringement and unfair competition complained of.

9. All Defendants are collectively referenced herein as "Defendants."

**FACTS COMMON TO ALL COUNTS**

**<u>The Global Mobile Business</u>**

10. Global Mobile was founded in 2012. It offers and sells high quality cigars, tobacco, and vape products.

11. Global Mobile uses a trademark which consists of stylized letters YME above the letters qb, and appears thus:

(the "YME QB" Mark). The YME QB Mark is used for various smoking related products, including Cigars; Hookah tobacco; Hookahs; Chewing tobacco; Cigarettes; Tobacco; and Vape Products. Global Mobile sells these products with the YME QB Mark in interstate commerce.

12. Plaintiff Mahd Qattous is the owner of the YME QB Mark, which he licenses to his company, Global Mobile. Mr. Qattous is also the owner of U.S. Trademark Registration No. 7,056,474 for the YME QB mark for various products, which registration is valid and subsisting.

13. Global Mobile has built a substantial and positive reputation and good will in the YME QB Mark, and also enjoys common law rights from its extensive use of the mark on various products, including vape products.

**<u>Defendants' Acts of Infringement and False Statements</u>**

14. Defendants have sold and offered for sale disposable vape products which closely copy the YME QB Mark, as well as the distinctive packaging of Global Mobile's own product, as shown in the comparative illustration above. Defendants sell or offer for sale these products in interstate commerce, including to New York, Delaware and Maryland, as well as in New Jersey.

15. In addition, Defendants have falsely represented to customers and potential customers that Plaintiffs are out of business, and that they, Defendant, took over their business and product line. All done in an attempt to use these false statements to divert business from Plaintiffs to Defendants.

**<u>Plaintiffs Are Harmed By Defendants' Wrongful Acts</u>**

16. Plaintiffs have been harmed by Defendants' acts in multiple ways. The use of their YME QB Mark and the associated good will to offer for sale and sell disposable vape products negatively affects Plaintiffs' reputation and good will. Further, they have diverted sale by their wrongful actions, and caused harm by falsely representing that Plaintiffs are out of business.

17. Plaintiffs have been damaged in an amount not completely calculable at this time, but estimated to be at least $ 100,000 worth of losses, as well as irreparable harm in negative effects on their good will and reputation for quality products.

**Plaintiffs' Attempts To Stop Defendants**

18. On September 16, 2026, Plaintiffs sent a cease-and-desist letter to Defendants by overnight courier. But that letter was ignored, and the wrongful acts have continued.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT 15 U.S.C. § 1114

19. Plaintiffs repeat the foregoing allegations as though set forth fully herein.

20. Plaintiff Qattous is the owner of the registered YME QB Mark as per the above-referenced U.S. Trademark Registration. The registrations and trademarks therein are valid and subsisting.

21. As described above, Defendants have infringed that trademark by offering for sale and selling in interstate commerce goods that bear copies or colorable imitations of the trademark, but which goods are not genuine and are not produced by or sold by Plaintiffs. Defendants' use of the YME QB Mark is likely to cause confusion, mistake or to deceive customers.

22. The activities of Defendants complained of herein constitute willful and intentional uses, appropriations and infringements of the YME QB Mark; completely and deliberately disregard Plaintiffs' rights and were commenced and have continued in spite of Defendants' knowledge that the use of the marks in the manner described herein was and is in direct contravention of Plaintiffs' rights, all in violation of 15 U.S.C. § 1114(1)

23. Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants detailed above in an amount to be determined at trial, but constituting at least $100,000.

**COUNT II**

**FEDERAL UNFAIR COMPETITION**
**15 U.S.C. § 1125**

24. Plaintiffs repeat the foregoing allegations as though set forth fully herein.

25. The activities of Defendants complained of herein constitute willful and intentional uses, appropriations and infringements of the YME QB Mark; completely and deliberately disregard Plaintiffs' rights and were commenced and have continued in spite of Defendants' knowledge that the use of the marks in the manner described herein was and is in direct contravention of Plaintiffs' rights, all in violation of 15 U.S.C. § 1125(a).

26. The use by Defendants of copies of the YME QB Mark in the manner described herein has been without the consent of Plaintiff, is likely to cause confusion and mistake in the minds of the purchasing public and the trade that the products sold and offered for sale by Defendants are those of Plaintiffs, when they are not.

27. Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants detailed above in an amount to be determined at trial, but constituting at least $ 100,000.

**COUNT III**

**NEW JERSEY STATUTORY UNFAIR COMPETITION**
**N.J.S.A. 56:4-1**

28. Plaintiffs repeat the foregoing allegations as though set forth fully herein.

29. The activities of Defendants complained of herein violate the New Jersey statutory unfair competition law, N.J.S.A. 56:4-1.

30. Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants detailed above in an amount to be determined at trial, but constituting at least $ 100,000.

**COUNT IV**

**COMMON LAW UNFAIR COMPETITION**

31. Plaintiffs repeat the foregoing allegations as though set forth fully herein.

32. The activities of Defendants complained of herein constitute common law unfair competition.

33. Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants detailed above in an amount to be determined at trial, but constituting at least $ 100,000.

**COUNT V**

**TORTIOUS INTEREFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

34. Plaintiffs repeat the foregoing allegations as though set forth fully herein.

35. Plaintiffs have a reasonable expectation of economic advantage, namely sales to their customer base and to potential customers who desire to purchase their products.

36. Defendants have intentionally and without justification interfered with this advantage by falsely representing that Plaintiffs are out of business and they, Defendants, are their successors, in an attempt to improperly divert business to them.

37. These falsehoods have caused the loss of business and other harm, and actual damage to Plaintiffs.

38. Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendants detailed above in an amount to be determined at trial, but constituting at least $ 100,000.

WHEREFORE Plaintiff requests the following relief from the Court:

1. That Defendants, their agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be preliminarily and then permanently enjoined and restrained:

(a) From imitating, copying, reproducing, or using in any manner the YME QB Mark, or Plaintiff's packaging design, including in the manner complained of herein;

(b) From representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Defendants, their business, or any of their goods and services , are authorized or sponsored by Plaintiffs;

(c) From falsely representing to any person that Plaintiffs are out of business or that Defendants are their successor(s); and

(d) From otherwise competing unfairly with Plaintiffs in any manner.

3. That Defendants be required, pursuant to 15 U.S.C. § 1117 and the New Jersey statutes cited above, to account to Plaintiffs for any and all profits derived by them from their acts of trademark infringement and unfair competition, and for all damages sustained by Plaintiff by reason of Defendants' actions complained of herein, which amount should be trebled in accordance with 15 U.S.C. § 1117 and N.J.S.A. 56:4-2, and/or that the Court award punitive damages.

4. That pursuant to 15 U.S.C. § 1117, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

6. That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

7. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 29, 2026

KOFFSKY SCHWALB LLC

By:____________________
Tal S. Benschar

*Attorneys for Plaintiffs*
*Global Mobile Inc. and*
*Mahd Qattous*

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2 and 28 U.S.C. §1746, I certify that the matter in controversy is not subject to any other action or arbitration now pending nor is any other action or arbitration planned.

Dated: New York, New York
September 29, 2026

KOFFSKY SCHWALB LLC

By:___________________
Tal S. Benschar

*Attorneys for Plaintiffs*
*Global Mobile Inc. and*
*Mahd Qattous*